# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| LISA NELSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,[1]<br>**Acting Commissioner of Social Security,**<br><br>　　　　**Defendant.** | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No. 2:12-cv-410-PMW<br><br><br><br>**Magistrate Judge Paul M. Warner** |

Before the court is Lisa Nelson's ("Plaintiff") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. *See* 42 U.S.C. §§ 401-434. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case.

---

[1] On February 14, 2013, Carolyn W. Colvin ("Commissioner") became the Acting Commissioner of Social Security. Accordingly, she has been automatically substituted for Michael J. Astrue as the defendant in this action. *See* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."); Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

**BACKGROUND**

Plaintiff alleges disability due to various physical and mental impairments. On September 18, 2008, Plaintiff applied for DIB, alleging disability beginning on January 3, 2007.[2] Plaintiff's application was denied initially and upon reconsideration.[3] On March 5, 2009, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[4] and that hearing was held on April 20, 2010.[5] On June 24, 2010, the ALJ issued a written decision denying Plaintiff's claim for DIB.[6] On January 27, 2012, the Appeals Council denied Plaintiff's request for review,[7] making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

On May 1, 2012, Plaintiff filed her complaint in this case, which was assigned preliminarily to Magistrate Judge Paul M. Warner.[8] The Commissioner filed her answer on July 30, 2012,[9] and the court received the Administrative Record the same day.[10]

---

[2] *See* docket no. 14, Administrative Record ("Tr. ___") 319-321.

[3] *See* Tr. 202-204.

[4] *See* Tr. 265-266.

[5] *See* Tr. 145-201.

[6] *See* Tr. 205-243.

[7] *See* Tr. 4-6.

[8] *See* docket no. 2.

[9] *See* docket no. 12.

[10] *See* docket no. 14.

On August 2, 2012, both parties consented to having a United States Magistrate Judge conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[11]  Consequently, the case was assigned permanently to Magistrate Judge Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[12]

Plaintiff filed her opening brief on February 15, 2013.[13]  The Commissioner filed her answer brief on April 17, 2013.[14]  Plaintiff filed her reply brief on April 29, 2013.[15]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).  The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted).  "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor

---

[11] *See* docket no. 19.

[12] *See id*.

[13] *See* docket no. 26.

[14] *See* docket no. 30.

[15] *See* docket no. 31.

substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. § 404.1520(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. § 404.1520(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to

4

benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 404.1520(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. § 404.1520(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. § 404.1520(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," *id*., he is disabled and entitled to benefits.

## ANALYSIS

In support of her claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred: (1) at step three of the sequential evaluation process, (2) by improperly discounting the opinions of several of Plaintiff's medical providers, (3) in evaluating the credibility of Plaintiff's subjective complaints, (4) at step four of the sequential evaluation process, and (5) by providing an incomplete hypothetical to the vocational expert ("VE"). The court will address each argument in turn.

## I. Step Three

As indicated above, step three "determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 404.1520(a)(4)(iii). At step three, a claimant has the "burden to present evidence establishing [his] impairments meet or equal listed impairments." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005). In order to satisfy this burden, a claimant must establish that his impairment "meet[s] *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). "To show that an impairment or combination of impairments meets the requirements of a listing, a claimant must provide specific medical findings that support each of the various requisite criteria for the impairment." *Lax v. Astrue*, 489 F.3d 1080, 1085 (10th Cir. 2007); *see also* 20 C.F.R. § 404.1525.

Plaintiff argues that the ALJ erred at step three by failing to conclude that Plaintiff's alleged impairments meet or equal sections 12.04 and 12.06 of Appendix 1 of the relevant regulations (individually, a "listing" and collectively, the "listings"), *see* 20 C.F.R. § 404, Subpart P, Appendix 1, listings 12.04, 12.06. In support of that argument, Plaintiff asserts that there is some evidence in the record to support the conclusion that Plaintiff's alleged impairments meet or equal those listings. However, as noted by the Commissioner, there is also substantial evidence in the record to support the opposite conclusion. The Commissioner has

6

adequately summarized that evidence in her answer brief.[16] Given that there is substantial evidence in the record to support the ALJ's conclusion, the court cannot say that the ALJ erred in reaching that conclusion. Furthermore, Plaintiff appears to be arguing the weight of the evidence before the ALJ. That tactic is futile on appeal because it is not this court's role to reweigh the evidence before the ALJ. *See Madrid*, 447 F.3d at 790. Indeed, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See, e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988). From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions. *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)). For these reasons, the court concludes that Plaintiff's argument with respect to listings 12.04 and 12.06 is without merit.

Plaintiff also argues that the ALJ erred by failing to consider listing 12.05(C). *See* 20 C.F.R. § 404, Subpart P, Appendix 1, listing 12.05(C). That argument fails for several reasons. First, as noted by the Commissioner, Plaintiff never alleged listing 12.05(C) as a basis for disability at the administrative level. As such, the court is not persuaded that the ALJ was required to consider that listing.

Second, even if the ALJ was required to consider listing 12.05(C), Plaintiff has failed to provide adequate argument to demonstrate that Plaintiff's alleged impairments satisfy the

---

[16] *See* Docket no. 30 at 12-14.

requirements of that listing. Listing 12.05, which addresses mental retardation, contains an introductory paragraph, which requires "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." *Id*. at listing 12.05. Once a claimant has met the requirements of that introductory paragraph, he or she must also satisfy the requirements of either paragraph A, B, C, or D of the listing. Plaintiff asserts that she satisfies the requirements of paragraph C, which requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Id*. at listing 12.05(C). Although Plaintiff points to evidence that she has a full scale IQ of 67, she has failed to provide sufficient argument to demonstrate that she satisfies the remaining requirements of listing 12.05(C). Instead, she makes the conclusory, one-sentence argument that other findings in the ALJ's decision satisfy those remaining requirements. However, Plaintiff fails to provide any discussion of how those other findings would satisfy the remaining requirements. Without more development, the court will not consider this argument further. *See, e.g.*, *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("[Plaintiff] presents a number of subissues and arguments, many of them poorly developed. [The court] will consider and discuss only those of her contentions that have been adequately briefed for . . . review."); *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004) ("The scope of . . . review . . . is limited to the issues the claimant . . . adequately presents on appeal[.]" (final alteration in original) (quotations and citation omitted)).

## II. Medical Opinions

> In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for controlling weight. To make this determination, the ALJ . . . must first consider whether the opinion is well[ ]supported by medically acceptable clinical and laboratory diagnostic techniques. If the answer to this question is "no," then the inquiry at this stage is complete. If the ALJ finds that the opinion is well[ ]supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. If the opinion is deficient in either of these respects, then it is not entitled to controlling weight.
>
> Even if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [20 C.F.R. §] 404.1527. Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.
>
> Under the regulations, the agency rulings, and [Tenth Circuit] case law, an ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion . . . that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight. If the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so.

*Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quotations and citations omitted) (sixth alteration in original); *see also* 20 C.F.R. § 404.1527(c).

An ALJ is not required to discuss every factor set forth in the relevant regulations. *See Oldham*, 509 F.3d at 1257 (stating that when an ALJ does not discuss every factor, it "does not prevent this court from according his decision meaningful review"). As with other evidentiary matters, when an ALJ is considering medical opinion evidence, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See, e.g.*, *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247.

Plaintiff first argues that the ALJ improperly discounted the opinions of Dr. Glen Johnson ("Dr. Johnson") and Dr. Scott Fidler ("Dr. Fidler). That argument fails. In discounting Dr. Johnson's opinions, the ALJ relied upon proper factors. The ALJ properly relied upon the fact that Dr. Johnson had seen Plaintiff only a few times. *See* 20 C.F.R. § 404.1527(c)(2)(i). The ALJ also properly relied upon the fact that Dr. Johnson's opinions were not supported by progress reports. *See id.* § 404.1527(c)(3). The ALJ again relied upon a proper factor in discounting Dr. Fidler's opinions. The ALJ properly relied upon the fact that Dr. Fidler's opinions about Plaintiff's limitations were inconsistent with other opinions in the record. *See id.* § 404.1527(c)(4). For these reasons, the court concludes that the ALJ did not err by discounting the opinions of Dr. Johnson or Dr. Fidler.

Plaintiff next argues that the ALJ improperly discounted the opinions of David Clement ("Mr. Clement") and George J. Limberakis ("Mr. Limberakis"). Mr. Clement and Mr. Limberakis are considered "other sources" under Social Security Ruling ("SSR") 06-03p. *See* SSR 06-03p. Pursuant to SSR 06-03p, the factors for evaluating the opinions of treating physicians apply with equal weight to the opinions "other sources." *See id.*; *see also* 20 C.F.R.

§ 404.1527(c). However, not every factor will apply in every case in which there is opinion evidence form a treating source that is an "other source." *See* SSR 06-03p. In addition, whether a treating source is or is not an acceptable medical source is a factor to be considered in the weight given to opinion evidence from a particular treating source. *See id*.

The ALJ relied upon proper factors in discounting the opinions of Mr. Clement and Mr. Limberakis. The ALJ relied upon the fact that neither of them was an acceptable medical source. *See id*. The ALJ also relied upon the fact that their opinions were either inconsistent with other evidence in the record or not supported by evidence in the record. *See* 20 C.F.R. § 404.1527(c)(3)-(4). Accordingly, the court has determined that the ALJ did not err in discounting the opinions of Mr. Clement and Mr. Liberakis.

### III. Credibility

Plaintiff argues that the ALJ erred in evaluating the credibility of Plaintiff's subjective complaints. In general, "[c]redibility determinations are peculiarly the province of the finder of fact, and [this court] will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotations and citation omitted). Although credibility determinations "should be closely and affirmatively linked to substantial evidence," *id*. (quotations and citation omitted), they "do[] not require a formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

SSR 96-7p clarifies the standards an ALJ must apply when evaluating the credibility of an individual's statements, including his or her allegations of pain. *See* SSR 96-7p. In addition to

the objective medical evidence, an ALJ should consider the following factors when assessing the credibility of an individual's statements:

> 1. The individual's daily activities;
> 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
> 3. Factors that precipitate and aggravate the symptoms;
> 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

*Id.*; *see* 20 C.F.R. § 404.1529(c); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993).

In this case, the ALJ considered proper factors in reaching the determination that Plaintiff's testimony was not fully credible. The ALJ properly relied upon the fact that Plaintiff's allegations of severe limitations were not supported by the objective medical evidence in the record. *See* 20 C.F.R. § 404.1529(2); SSR 96-7. The ALJ also properly relied on the fact that Plaintiff's alleged impairments were treatable by surgical and/or other conservative measures. *See* 20 C.F.R. § 404.1529(c)(iv)-(vi). The ALJ articulated sufficient reasoning and relied upon proper factors in determining that, overall, Plaintiff's testimony was not fully credible. Furthermore, the court concludes that the ALJ's determination is "closely and affirmatively linked to substantial evidence." *Kepler*, 68 F.3d at 391 (quotations and citation omitted).

The court also notes that Plaintiff again argues the weight of the evidence before the ALJ on this issue. Indeed, Plaintiff's entire argument is nothing more than citations to selective portions of the record evidence. The court reiterates that rearguing the weight of the evidence before the ALJ is unavailing on appeal. *See, e.g.*, *Oldham*, 509 F.3d at 1257; *Madrid*, 447 F.3d at 790; *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247.

For these reasons, the court concludes that Plaintiff's argument concerning the ALJ's credibility determination fails.

### IV. Step Four

Plaintiff argues that the ALJ erred in conducting the analysis at step four of the sequential evaluation process. At step four of his decision, the ALJ concluded that Plaintiff could return to her past relevant work as a cashier.

In order for an ALJ's determination that a claimant can perform his past relevant work to be proper, the ALJ's decision must contain the following findings of fact:

1. A finding of fact as to the individual's RFC.
2. A finding of fact as to the physical and mental demands of the past job/occupation.
3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62; *see also Winfrey v. Chater*, 92 F.3d 1017, 1023-26 (10th Cir. 1996).

With respect to the first finding, Plaintiff argues that the ALJ erred by failing to incorporate into Plaintiff's RFC the limitations expressed by Dr. Johnson, Dr. Fidler, Mr. Clement, and Mr. Limberakis, as well as the limitations expressed in Plaintiff's own testimony. The court has concluded that the ALJ did not err in his evaluation of either those medical

13

providers' opinions or Plaintiff's credibility. Accordingly, the ALJ was not required to include the limitations expressed by those providers or by Plaintiff's testimony in Plaintiff's RFC.

Concerning the second and third findings, Plaintiff asserts that the ALJ erred by failing to satisfy his burden under SSR 82-62 to make those findings. The court disagrees. The ALJ considered the testimony of the VE, which included a description of the exertional level and skill requirements for the job of cashier. After obtaining that testimony, the ALJ posed a hypothetical question to the VE that required consideration of whether a person with Plaintiff's RFC could perform the exertional and skill level demands of the job of cashier. Based on the VE's response to the hypothetical question, the ALJ concluded that Plaintiff's past work did not require demands in excess of her RFC. That analysis was sufficient. *See, e.g.*, *Doyal v. Barnhart*, 331 F.3d 758, 760-61 (10th Cir. 2003); *see also Jordan v. Barnhart*, 213 Fed App'x 643, 646 (10th Cir. 2006) (unpublished).

For these reasons, the court concludes that Plaintiff's argument concerning step four is without merit.

## V. VE Hypothetical

In the final paragraph of her opening brief, Plaintiff argues that the ALJ erred by providing an incomplete hypothetical to the VE. Plaintiff again asserts that the ALJ should have included the limitations expressed by Dr. Johnson, Dr. Fidler, Mr. Clement, and Mr. Limberakis, as well as the limitations expressed in Plaintiff's own testimony. The court rejected that argument above and rejects it again here.

## CONCLUSION AND ORDER

The court concludes that all of Plaintiff's arguments fail. Therefore, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **AFFIRMED**.

**IT IS SO ORDERED**.

DATED this 27th day of September, 2013.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge